IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| CONSTRUCTION INDUSTRY LABORERS PENSION FUND, a Trust Fund, | )<br>)<br>) |
| and | )<br>) |
| MITCHELL ROWLEY and KEVIN FAHEY, TRUSTEES OF THE CONSTRUCTION INDUSTRY LABORERS PENSION FUND, | )<br>)<br>)<br>) |
| and | )<br>) |
| CONSTRUCTION INDUSTRY LABORERS WELFARE FUND, a Trust Fund, | )<br>)<br>) |
| and | )<br>) |
| JASON MENDENHALL and BYRON HORNUNG TRUSTEES OF THE CONSTRUCTION INDUSTRY LABORERS WELFARE FUND, | )<br>)<br>)<br>) |
| and | )<br>) |
| GREATER KANSAS CITY LABORERS VACATION PLAN, a Trust Fund, | )<br>) **No.** |
| and | )<br>) |
| MITCHELL ROWLEY and ROBERT PLISKY TRUSTEES OF THE GREATER KANSAS CITY LABORERS VACATION PLAN, | )<br>)<br>)<br>) |
| and | )<br>) |
| CONSTRUCTION INDUSTRY LABORERS TRAINING FUND, a Trust Fund, | )<br>)<br>) |
| and | )<br>) |
| GABRIEL T. JONES and KEVIN FAHEY, TRUSTEES OF THE CONSTRUCTION INDUSTRY LABORERS TRAINING FUND, | )<br>)<br>)<br>) |
| Plaintiffs, | ) |

|                                              |   |
|----------------------------------------------|---|
| v.                                           | ) |
|                                              | ) |
| **FULSOM BROTHERS, INC.**                    | ) |
| **[SERVE:** Registered Agents, Inc.          | ) |
| 117 South Lexington St., Suite 100           | ) |
| Harrisonville, MO 64701                      | ) |
|                                              | ) |
| Defendant.                                   | ) |

# C O M P L A I N T

## COUNT I

Come now Plaintiffs, Construction Industry Laborers Pension Fund, a Trust Fund, and Mitchell Rowley and Kevin Fahey, duly appointed and acting Trustees of the Construction Industry Laborers Pension Fund who are authorized to maintain this action on behalf of the Pension Fund and all the Trustees of the Construction Industry Laborers Pension Fund, and, for their cause of action under Count I against Defendant, state:

1.  This action arises under and jurisdiction is founded on Section 502 and Section 515 of the Employee Retirement Income Security Act (hereinafter referred to as "ERISA"), 29 U.S.C. §1132 and 29 U.S.C. §1145.

2.  Plaintiffs, Mitchell Rowley and Kevin Fahey, are duly appointed and acting Trustees of the Construction Industry Laborers Pension Fund who are authorized to maintain this action on behalf of the Pension Fund and all the Trustees of the Construction Industry Laborers Pension Fund; Plaintiff, Construction Industry Laborers Pension Fund (hereinafter referred to as "Plaintiff Fund"), is a trust fund existing and established pursuant to the Labor Management Relations Act, as amended, Section 302, 29 U.S.C. §186; that said Plaintiff Fund is an employee benefit plan within the meaning of Section 3 of ERISA, 29 U.S.C. §1003.

3.  Said Plaintiff Fund was established on October 1, 1964, pursuant to the collective bargaining agreement entered into between the Heavy Constructors Association of the Greater Kansas City Area (hereinafter referred to as "Association") and the Western Missouri and Kansas Laborers District Council of the Laborers International Union of North America, AFL-CIO

{00356583;CIL14-200;DJP }

(hereinafter referred to as "Union"); that the Trust Agreement establishing the Plaintiff Fund was amended and revised effective January 1, 1976.

4. The situs of the Plaintiff Fund is the City of Kansas City, Missouri, and all questions pertaining to the validity, construction and administration of said Fund shall be determined in accordance with the laws of the State of Missouri and the aforementioned Federal laws.

5. Plaintiffs have served the Secretary of the Treasury and the Secretary of Labor with copies of the within Complaint as required by Section 502(h) of ERISA, 29 U.S.C. §1132(h) by depositing copies of said Complaint in the United States mail, certified mail, addressed to said Secretary of the Treasury and said Secretary of Labor on or about the date of the filing of the Complaint.

6. Defendant is a Kansas corporation doing business in the States of Missouri and Kansas and particularly in the Western District of Missouri; that Defendant at all times material herein employed Laborers performing work covered by the collective bargaining agreements herein mentioned.

7. In the ordinary course of business, Defendant annually engages in substantial dollar volume in business with persons, firms and corporations which are engaged in businesses affecting commerce within the meaning of the Labor Management Relations Act, as amended, 29 U.S.C. §151, and 29 U.S.C. §185.

8. Defendant, at all times material herein, stipulated and agreed to be bound by the terms and conditions of the collective bargaining agreement between the Heavy Constructors Association of Greater Kansas City and the Western Missouri and Kansas Laborers' District Council and the affiliated Local Unions in the Western Missouri and Kansas Laborers' District Council.

9. At all times material herein, laborer employees of the Defendant were employed under the terms of the collective bargaining agreements mentioned above under the terms of which Defendant agreed, among other things, to pay and contribute to Plaintiff Fund various sums

per hour for each employee covered by and subject to said agreements; and to submit written reports within ten days after the last day of the preceding month for the hours worked during said preceding month; that said reports should list the names and hours worked and the amounts contributed for each such employee of Defendant.

10. An audit of Defendant's books and records for the period **January 1, 2012 through December 31, 2013,** shows that Defendant owes Plaintiffs **THIRTEEN THOUSAND, SEVENTY-TWO AND 55/100 ($13,072.55) DOLLARS** in unpaid fringe benefit contributions, **TWO THOUSAND SIX HUNDRED FOURTEEN AND 51/100 ($2,614.51) DOLLARS** as and for liquidated damages and **ONE THOUSAND NINE HUNDRED NINETY-SEVEN AND 88/100 ($1,997.88) DOLLARS** as and for interest.

11. The collective bargaining agreements and Trust Agreement, as amended, and hereinabove mentioned likewise provide that, if payment of sums due said Plaintiff Fund therein mentioned are made later than the time required, the Board of Trustees may impose on the employer liquidated damages, interest, audit costs, and reasonable attorneys' fees and Court costs incurred to enforce payments from an employer in default.

12. The collective bargaining agreements and Trust Agreement, as amended, further provide that the Board of Trustees may require the employer to put up cash deposits in advance of work and/or to enter into an escrow arrangement with the Plaintiff Fund or post a corporate bond guaranteeing performance under the Trust Agreement, as amended.

13. Plaintiffs are without an adequate remedy at law and will suffer immediate, continuing and irreparable injury, loss and damage unless Defendant is ordered to specifically perform all obligations on Defendant's part required to be performed under the collective bargaining agreements and Trust Agreements, as amended, and herein referred to.

14. Defendant is required by Section 515 of ERISA, 29 U.S.C. §1145, to make fringe benefit contributions to Plaintiffs pursuant to and in accordance with the terms and conditions of the aforesaid collective bargaining agreements and Trust Agreement, as amended; and this

{00356583;CIL14-200;DJP }

4

action is brought by Plaintiff Trustees for and on behalf of Plaintiff Fund to enforce said Defendant's obligations under Section 515 of ERISA.

15. That pursuant to Section 502(g)(2) of ERISA, 29 U.S.C. §1132(g)(2), Plaintiffs are entitled to a mandatory award of unpaid fringe benefit contributions; interest on said unpaid fringe benefit contributions as provided for in the aforesaid Trust Agreement, as amended; liquidated damages as provided for in the aforesaid Trust Agreement, as amended; reasonable attorneys' fees; and their cost of this action.

WHEREFORE, Plaintiffs pray for the following Orders, Judgments and Decrees:

A. For judgment against Defendant in the amount **THIRTEEN THOUSAND, SEVENTY-TWO AND 55/100 ($13,072.55) DOLLARS** in unpaid fringe benefit contributions, **TWO THOUSAND SIX HUNDRED FOURTEEN AND 51/100 ($2,614.51) DOLLARS** as and for liquidated damages and **ONE THOUSAND NINE HUNDRED NINETY-SEVEN AND 88/100 ($1,997.88) DOLLARS** for interest due and owing for the period **January 1, 2012 through December 31, 2013**; and

B. For judgment against Defendant for liquidated damages; and

C. For judgment against Defendant for interest on the unpaid fringe benefit contributions; and

D. For judgment against Defendant for reasonable attorneys' fees incurred in the prosecution of this cause; and

E. For judgment against Defendant for audit costs incurred in the prosecution of this cause; and

F. For judgment against Defendant for costs incurred in this action; and

G. For such other relief as the Court may deem appropriate.

## COUNT II

Come now Plaintiffs, Construction Industry Laborers Welfare Fund, a Trust Fund, and Jason Mendenhall and Byron Hornung, duly appointed and acting Trustees of the Construction

Industry Laborers Welfare Fund who are authorized to maintain this action on behalf of the Welfare Fund and all the Trustees of the Construction Industry Laborers Welfare Fund, and, for their cause of action under Count II against Defendant, state:

1. Plaintiffs, Jason Mendenhall and Byron Hornung, are duly appointed and acting Trustees of the Construction Industry Laborers Welfare Fund who are authorized to maintain this action on behalf of the Welfare Fund and all the Trustees of the Construction Industry Laborers Welfare Fund; Plaintiff Construction Industry Laborers Welfare Fund (hereinafter referred to as "Plaintiff Fund") is a trust fund existing and established pursuant to the Labor Management Relations Act, as amended, Section 302, 29 U.S.C. §186; that said Plaintiff Fund is an employee benefit plan within the meaning of Section 3 of ERISA, 29 U.S.C. §1002.

2. Said Plaintiff Fund was established on April 1, 1972, pursuant to the collective bargaining agreement between the Associated General Contractors of Missouri (hereinafter referred to as "Association") and the Eastern Missouri Laborers Council and the Western Missouri and Kansas Laborers District Council of the Laborers International Union of North America, AFL-CIO (hereinafter referred to as "Union"); that the Trust Agreement establishing the Plaintiff Fund was amended and revised effective January 1, 1976.

3. Plaintiffs hereby incorporate, adopt and make part hereof all of the allegations of Paragraphs One (1), Four (4), Five (5), Six (6), Seven (7), Eight (8), Nine (9), Eleven (11), Twelve (12), Thirteen (13), Fourteen (14) and Fifteen (15) of Count I of the within Complaint.

4. An audit of Defendant's books and records for the period **January 1, 2012 through December 31, 2013**, shows that Defendant owes Plaintiffs **EIGHTEEN THOUSAND, SIX HUNDRED EIGHTY AND 55/100 ($18,680.55) DOLLARS** in unpaid fringe benefit contributions, **THREE THOUSAND, SEVEN HUNDRED THIRTY-SIX AND 11/100 ($3,736.11) DOLLARS** as and for liquidated damages and **TWO THOUSAND, EIGHT HUNDRED FIFTY-SEVEN AND 60/100 ($2,857.60) DOLLARS** as and for interest.

WHEREFORE, Plaintiffs pray for the following Orders, Judgments and Decrees:

{00356583;CIL14-200;DJP }

A. For judgment against Defendant in the amount **EIGHTEEN THOUSAND, SIX HUNDRED EIGHTY AND 55/100 ($18,680.55) DOLLARS** in unpaid fringe benefit contributions, **THREE THOUSAND, SEVEN HUNDRED THIRTY-SIX AND 11/100 ($3,736.11) DOLLARS** as and for liquidated damages and **TWO THOUSAND, EIGHT HUNDRED FIFTY-SEVEN AND 60/100 ($2,857.60) DOLLARS** for interest due and owing for the period **January 1, 2012 through December 31, 2013**; and

B. For judgment against Defendant for liquidated damages; and

C. For judgment against Defendant for interest on the unpaid fringe benefit contributions; and

D. For judgment against Defendant for reasonable attorneys' fees incurred in the prosecution of this cause; and

E. For judgment against Defendant for audit costs incurred in the prosecution of this cause; and

F. For judgment against Defendant for costs incurred in this action; and

G. For such other relief as the Court may deem appropriate.

## COUNT III

Come now Plaintiffs, Greater Kansas City Laborers Vacation Plan, a Trust Fund, and Mitchell Rowley and Robert Plisky, duly appointed and acting Trustees of the Greater Kansas City Laborers Vacation Plan who are authorized to maintain this action on behalf of the Vacation Plan and all the Trustees of the Greater Kansas City Laborers Vacation Plan, and, for their cause of action under Count III against Defendant, state:

1. Plaintiffs, Mitchell Rowley and Robert Plisky, are duly appointed and acting Trustees of the Greater Kansas City Laborers Vacation Plan who are authorized to maintain this action on behalf of the Vacation Plan and all the Trustees of the Greater Kansas City Laborers Vacation Plan; Plaintiff Greater Kansas City Laborers Vacation Plan (hereinafter referred to as "Plaintiff Plan") is a trust fund existing and established pursuant to the Labor Management Relations Act, as amended, Section 302, 29 U.S.C. 186; that said Plaintiff Plan is an employee

{00356583;CIL14-200;DJP }

7

benefit plan within the meaning of Section 3 of ERISA, 29 U.S.C. 1002.

2. Said Plaintiff Plan was established on November 21, 1973, pursuant to the collective bargaining agreement between the Builders Association of Missouri (hereinafter referred to as "Association") and Laborers Local Unions Nos. 264, No. 555, and 1290 of the Greater Kansas City Laborers District Council (now the Western Missouri and Kansas Laborers District Council) of the Laborers International Union of North America (hereinafter referred to as "Union"); that the Trust Agreement establishing the Plaintiff Plan was amended and revised effective January 1, 1976.

3. Plaintiffs hereby incorporate, adopt and make part hereof all of the allegations of Paragraphs One (1), Four (4), Five (5), Six (6), Seven (7), Eight (8), Nine (9), Eleven (11), Twelve (12), Thirteen (13), Fourteen (14) and Fifteen (15) of Count I of the within Complaint.

4. An audit of Defendant's books and records for the period **January 1, 2012 through December 31, 2013**, shows that Defendant owes Plaintiffs **FOUR THOUSAND THREE HUNDRED FIFTY AND 75/100 ($4,350.75) DOLLARS** in unpaid fringe benefit contributions, **EIGHT HUNDRED SEVENTY AND 15/100 ($870.15) DOLLARS** as and for liquidated damages and **SIX HUNDRED SIXTY-SIX AND 95/100 ($666.95) DOLLARS** as and for interest.

WHEREFORE, Plaintiffs pray for the following Orders, Judgments and Decrees:

A. For judgment against Defendant in the amount of **FOUR THOUSAND THREE HUNDRED FIFTY AND 75/100 ($4,350.75) DOLLARS** in unpaid fringe benefit contributions, **EIGHT HUNDRED SEVENTY AND 15/100 ($870.15) DOLLARS** as and for liquidated damages and **SIX HUNDRED SIXTY-SIX AND 95/100 ($666.95) DOLLARS** as and for interest due and owing for the period **January 1, 2012 through December 31, 2013**; and

B. For judgment against Defendant for liquidated damages; and

C. For judgment against Defendant for interest on the unpaid fringe benefit contributions; and

D. For judgment against Defendant for reasonable attorneys' fees incurred in the

{00356583;CIL14-200;DJP }

prosecution of this cause; and

      E.     For judgment against Defendant for audit costs incurred in the prosecution of this cause; and

      F.     For judgment against Defendant for costs incurred in this action; and

      G.     For such other relief as the Court may deem appropriate.

## COUNT IV

Come now Plaintiffs, Construction Industry Laborers Training Fund, a Trust Fund, and Gabriel T. Jones and Kevin Fahey, duly appointed and acting Trustees of the Construction Industry Laborers Training Fund who are authorized to maintain this action on behalf of the Training Fund and all the Trustees of the Construction Industry Laborers Training Fund, and, for their cause of action under Count IV against Defendant, state:

      1.     Plaintiffs, Gabriel T. Jones and Kevin Fahey, are duly appointed and acting Trustees of the Construction Industry Laborers Training Fund who are authorized to maintain this action on behalf of the Training Fund and all the Trustees of the Construction Industry Laborers Training Fund; Plaintiff Construction Industry Laborers Training Fund (hereinafter referred to as "Plaintiff Fund") is a trust fund existing and established pursuant to the Labor Management Relations Act, as amended, Section 302, 29 U.S.C. §186; that said Plaintiff Fund is an employee benefit plan within the meaning of Section 3 of ERISA, 29 U.S.C. §1002.

      2.     Said Plaintiff Fund was established on November 26, 1969, pursuant to the collective bargaining agreement between the Heavy Constructors Association of the Greater Kansas City Area (hereinafter referred to as "Association") and the Western Missouri and Kansas Laborers District Council of the Laborers International Union of North America, AFL-CIO (hereinafter referred to as "Union"); that the Trust Agreement establishing the Plaintiff Fund was amended and revised effective January 1, 1976.

3. Plaintiffs hereby incorporate, adopt and make part hereof all of the allegations of Paragraphs One (1), Four (4), Five (5), Six (6), Seven (7), Eight (8), Nine (9), Eleven (11), Twelve (12), Thirteen (13), Fourteen (14) and Fifteen (15) of Count I of the within Complaint.

4. An audit of Defendant's books and records for the period **January 1, 2012 through December 31, 2013**, shows that Defendant owes Plaintiffs **ONE THOUSAND THREE HUNDRED SEVENTY-TWO AND 23/100 ($1,372.23) DOLLARS** in unpaid fringe benefit contributions.

WHEREFORE, Plaintiffs pray for the following Orders, Judgments and Decrees:

A. For judgment against Defendant in the amount of **ONE THOUSAND THREE HUNDRED SEVENTY-TWO AND 23/100 ($1,372.23) DOLLARS** for unpaid fringe benefit contributions due and owing for the period **January 1, 2012 through December 31, 2013**; and

B. For judgment against Defendant for liquidated damages; and

C. For judgment against Defendant for interest on the unpaid fringe benefit contributions; and

D. For judgment against Defendant for reasonable attorneys' fees incurred in the prosecution of this cause; and

E. For judgment against Defendant for audit costs incurred in the prosecution of this cause; and

F. For judgment against Defendant for costs incurred in this action; and

G. For such other relief as the Court may deem appropriate.

ARNOLD, NEWBOLD, WINTER & JACKSON, P.C.


<u>/s/Bradley J. Sollars</u>
Bradley J. Sollars, MO Bar No. 54931


<u>*/s/Kristie Blunt Welder*</u>
Kristie Blunt Welder, MO Bar No. 61715
1100 Main Street, Suite 2001
Kansas City, Missouri 64105
Telephone: 816-421-5788
Facsimile: 816-471-5574
*Attorneys for Plaintiffs*

{00356583;CIL14-200;DJP }

11

Case 4:18-cv-00580-NKL   Document 1   Filed 07/27/18   Page 11 of 11