# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | |
|---|---|
| CONSTRUCTION INDUSTRY LABORERS PENSION FUND, et al., | )<br>)<br>) |
| Plaintiffs, | )<br>) Case No. 4:18-cv-00580-NKL |
| v. | )<br>) |
| FULSOM BROTHERS, INC., | )<br>) |
| Defendant. | )<br>) |

# ORDER

Before the Court is Plaintiffs' request to strike Defendant's demand for a jury trial, Doc. 22. For the following reasons, Plaintiffs' request is denied.

## I. Background

This is an action to recover unpaid employee benefit plan contributions. Plaintiffs are trustees of an allegedly compliant benefit plan under the Employment Retirement Income Security Act ("ERISA"). Plaintiffs allege that Defendant failed to pay certain fringe benefit contributions to Plaintiffs, as required by the parties' collective bargaining agreement and ERISA section 515, 29 U.S.C. § 1145. Plaintiffs assert that pursuant to ERISA section 502(g), *id.* at § 1132(g), they are "entitled to a mandatory award of unpaid fringe benefit contributions; interest on said unpaid fringe benefit contributions as provided for in the[ir] Trust Agreement, as amended; liquidated damages . . . reasonable attorneys' fees; and their cost of this action." Doc. 1 (Complaint), p. 5, ¶ 15. Defendant requests a trial by jury. Doc. 16 (Demand for Jury Trial).

The Court first became aware of a dispute regarding Defendant's jury demand, when the parties filed their joint proposed scheduling order, in which the parties stated, "Plaintiffs intend to

submit an opposition to Defendant's jury trial demand." Doc. 18 (Joint Proposed Scheduling Order), p. 4. Thereafter, the Court held a teleconference with the parties during which it ordered "Plaintiffs to show cause, on or before October 30, 2018, why Defendant's demand for trial by jury should not be granted." Doc. 20 (Minute Entry). Plaintiffs filed a response to that order, requesting that "Defendant's demand for a jury trial in the instant matter be stricken." Doc. 22 (Plaintiffs' Response to Show Cause), p. 3. Defendant filed a response, requesting that Plaintiffs' request to strike the jury demand be denied. Doc. 24 (Defendant's Response). Plaintiffs did not reply.

## II. Discussion

When a party demands a jury trial, "[t]he trial on all issues so demanded must be by jury unless" the parties stipulate to a nonjury trial or "the court, on motion or on its own, finds that on some or all of those issues, there is no federal right to a jury trial." Fed. R. Civ. P. 39(a)(2). The Seventh Amendment preserves the right of trial by jury in "[s]uits at common law." The Supreme Court has interpreted suits at common law to mean "suits in which *legal* rights were to be ascertained and determined, in contradistinction to those where equitable rights alone were recognized, and equitable remedies were administered." *Feltner v. Columbia Pictures Television, Inc.*, 523 U.S. 340, 348 (1998) (quoting *Parsons v. Bedford*, 3 Pet. 433, 447 (1830) (emphasis in original)).

Admittedly, this action involves "mixed claims for equitable and [legal] relief." Doc. 22, p. 2; Doc. 24, p. 4. However, Plaintiffs argue that Defendant's jury demand should be stricken because "Eighth Circuit case law suggests that a jury trial is unavailable when there are mixed claims for equitable and monetary relief in an ERISA action." Doc. 22, p. 2. In support of this argument, Plaintiffs cite *In re Vorpahl*, 695 F.2d 318 (8th Cir. 1982). The *Vorpahl* court,

interpreting ERISA section 502(a), found "[t]he mere fact that petitioners pray for monetary relief in part does not mandate that this action be characterized as legal rather than equitable." *Id.* (citing *Curtis v. Loether*, 415 U.S. 189, 196 (1974)); *see also United Mine Workers of Am. v. Am. Commercial Lines Transp Servs., L.L.C.*, No. 4:08CV1777SNLJ, 2010 WL 2245084, at *2 (E.D. Mo. June 2, 2010) (concluding "mere fact that the plaintiffs seek restoration of their retirement benefits under the 2004 CBA as 'money damages' does not require this case to be characterized as a legal claim under ERISA entitling them to a jury trial"). The court reasoned that "because any monetary relief turns on a determination of entitlement to benefits, we consider such relief to be an integral part of an equitable action." *Id.*

However, the *Vorpahl* court "did not expressly or implicitly state that all ERISA actions may not be appropriately tried to a jury." *Utilicorp United Inc. for Benefit of Utilicorp United, Inc. Employee v. Kemper Financial Services, Inc.*, 741 F.Supp. 1363, 1367 n.4 (W.D. Mo. 1989); *Int'l Bhd. of Elec. Workers Local Union No. 22 v. Morrissey Elec. Co.*, No. 8:11CV152, 2011 WL 5842370, at *2 (D. Neb. Nov. 21, 2011) ("In *Vorpahl*, the Eighth Circuit did not address the question of whether a party is entitled to a jury trial in claims against employers bound by collective bargaining agreements to collect delinquent contributions under ERISA.").

Moreover, the *Vorpahl* court's analysis was limited to an interpretation of ERISA section 502(a). Plaintiffs' claims rely on ERISA section 502(g). ERISA section 502(g), unlike section 502(a), authorizes "such other legal or equitable relief." 29 U.S.C.A. § 1132(g)(2)(E). Although the Eighth Circuit has not directly addressed a demand for a jury trial under subsection (g), the Third Circuit has explicitly found that this textual difference in section 502(g) confers a right to a jury trial. *Sheet Metal Workers Local 19 v. Keystone Heating and Air Conditioning*, 934 F.2d 35, 39 (3rd Cir. 1991) ("We hold that there is a right to a jury trial for claims implicating Section

3

502(g)(2), 29 U.S.C. § 1132(g)(2)."). The *Keystone* court, in an opinion written by then Circuit Judge Alito, reasoned that the word "legal" is a term of art that connotes the right to a jury trial and demonstrates Congress' intent to provide a jury trial for claims for unpaid contributions brought under section 502(g). *Id.* at 40 ("Just as the wording of Section 502(a)(3) evinces a congressional intent not to confer a right to a jury trial, the different terminology employed in Section 502(g)(2) evinces a congressional intent to confer such a right."); *see also Illinois State Painters Welfare Fund v. Brummet*, No. 03-CV-226-DRH, 2006 WL 83465, at *2–3 (S.D. Ill. Jan. 11, 2006) (concluding the same).

Neither party has provided the Court with any United States Supreme Court or Eighth Circuit authority determinative as to whether claims for delinquent contributions may be tried by jury.[1] In the absence of binding authority directly speaking to the issue at hand, the Court declines to strike Defendant's jury demand. *Int'l Bhd. of Elec. Workers Local Union No.*, 2011 WL 5842370, at *2.

### III. Conclusion

Plaintiffs' request to strike Defendant's jury demand, Doc. 22, is denied.

s/ Nanette K. Laughrey
NANETTE K. LAUGHREY
United States District Judge

Dated:  December 4, 2018
Jefferson City, Missouri

---

[1] Plaintiffs also argue that case law from the Seventh, Ninth, and Eleventh Circuits finding no right to a jury trial under 29 U.S.C. § 1401(b) is persuasive because like section 1145 (ERISA section 515) section 1401 is a congressionally created enforcement mechanism. *See McDougall v. Pioneer Ranch Ltd. P'ship*, 494 F.3d 571, 577 (7th Cir. 2007); *Bd. of Trustees of W. Conference of Teamsters Pension Tr. Fund v. Thompson Bldg. Materials, Inc.*, 749 F.2d 1396, 1404 (9th Cir. 1984); *Connors v. Ryan's Coal Co.*, 923 F.2d 1461, 1465 (11th Cir. 1991). However, the courts' analysis in those cases is limited to claims under section 1401, and like *Vorpahl* does not address the question of whether claims for delinquent contributions may be tried by jury.